ORIGINAL

MATTHEW H. MEAD
United States Attorney
District of Wyoming

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
(307) 772-2124 (PHONE)

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

MARK C. ELMER, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 0 1 2006

Stephan Harris, Clerk
Cheyenne

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

------------------------------x
                              :
UNITED STATES OF AMERICA,     :
                              :
        *Plaintiff*,          :
                              :
        v.                    :   Civil Action No. 06-CV-195-J
                              :
CONOCOPHILLIPS COMPANY,       :
                              :
        *Defendant*.          :
                              :
------------------------------x

## COMPLAINT

The United States of America, by authority of the Attorney General, acting at the request of the United States Coast Guard ("Coast Guard"), states upon information and belief:

## NATURE OF ACTION

1.     This is a civil action under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702, and Section 311(f) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(f), to recover costs incurred by the United States in responding to the discharge or substantial threat of discharge of oil from the Glenrock Oil Seep Site, near Glenrock, Wyoming (the "Site").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. § 2717(b) and 33 U.S.C. § 1321(f)(2) and (n).

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 33 U.S.C. § 2717(b) and 33 U.S.C. § 1321(f)(2) and (n).

## DEFENDANT

4.     Defendant ConocoPhillips Company ("ConocoPhillips") is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 600 North Dairy Ashford Road, Houston, Texas.

## GENERAL ALLEGATIONS

### A.     The Facility

5.     The Continental Oil Refinery was located near Glenrock, Wyoming near the North Platte River (the "Refinery"). The North Platte River is an interstate waterway that merges with the Missouri River in Nebraska.

6. The Continental Oil Company ("Continental Oil") owned and operated the Refinery from approximately 1922 through at least 1956 to produce gasoline, liquid propane gas, kerosene, diesel, and fuel oil. Throughout this period, Continental Oil produced between 2,500 and 10,000 barrels of product per day at the Refinery.

7. In approximately 1956, Continental Oil stopped operating the Refinery. While some of the buildings and process equipment were eventually removed, when the removal action began in 1994 some of the Refinery's original structures, equipment, and/or devices remained on the site.

### B. Source of Contamination

8. Operation of the Refinery caused and/or contributed to an underground plume consisting of more than 1,000,000 gallons of oil.

9. This plume migrated toward the North Platte River until 1994 when it began entering the North Platte River.

### C. Corporate History of Continental Oil Company

10. Continental Oil was a corporation incorporated under the laws of the State of Delaware on or about January 23, 1929.

11. In 1981, Continental Oil merged with Conoco to form Conoco Inc.

12. In 2002, Conoco Inc. merged with Phillips Petroleum Company to form the ConocoPhillips Company.

### D.     Response Actions

13.     On or about March 8, 1994, oil was discovered entering the North Platte River approximately ½ mile northwest of Glenrock, Wyoming. The oil was seen seeping into the river from the river's south bank.

14.     The United States responded to the discovery by among other things (1) placing booms in the river to remove oil from the river, (2) installing a cut-off wall to prevent further seepage into the river, and (3) constructing a recovery and treatment system as part of a permanent remedy for the site.

15.     The United States has spent approximately $2.3 million, exclusive of interest, in connection with the cleanup of the Glenrock Oil Seep Site.

## CLAIMS FOR RELIEF

### Claim For Relief
### (Recovery of Removal Costs Under Section 1002 of the Oil Pollution Act)

16.     The allegations set forth in paragraphs 1 through 15 are realleged and incorporated herein by reference.

17.     The Continental Oil Refinery, including its structures, equipment, and devices, was a "facility" within the meaning of Sections 1001(9) and 1002 of OPA, 33 U.S.C. §§ 2701(9) and 2702.

18.     The substance discharged and/or threatened to be discharged from the Refinery into the North Platte River was "oil" within the meaning of Section 1001(23) and 1002 of OPA,

33 U.S.C. §§ 2701(23) and 2702.

19. The North Platte River is a navigable water of the United States.

20. There was a "discharge" or "substantial threat of a discharge" of oil into or upon the navigable waters and adjoining shorelines, within the meaning of Sections 1001(7) and 1002 of OPA, 33 U.S.C. §§ 2701(7) and 2702.

21. Continental Oil Company owned and operated the facility within the meaning of Section 1001(26) of OPA, 33 U.S.C. § 2701(26), from which oil was discharged or was substantially threatened to be discharged, into the North Platte River, and which was the subject of the removal activities conducted by the United States.

22. Defendant ConocoPhillips is a "person," within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27).

23. Defendant ConocoPhillips is the corporate successor to Continental Oil, and therefore succeeds to Continental Oil's liability under Section 1002(a) of OPA, 33 U.S.C. § 2701(a), as the owner and operator of a facility from which there has been a discharge or substantial threat of discharge of oil into or upon navigable waters or adjoining shoreline.

24. Alternatively, ConocoPhillips (as the successor to Continental Oil) caused the discharge or substantial threat of discharge and the resulting removal costs within the meaning of Section 1002(d)(1)(A) of OPA, 33 U.S.C. § 2702(d)(1)(A) and, therefore, is a "responsible party" for the discharge or substantial threat of discharge of oil from the facility into the North Platte River.

25. The United States has incurred approximately $2.3 million, exclusive of interest, in removal costs as a result of the discharge or substantial threat of discharge of oil from the Continental Oil Refinery.

26. As a "responsible party," ConocoPhillips is strictly liable under Section 1002(a) and (b)(1) of OPA, 33 U.S.C. § 2702(a) and (b)(1), to reimburse the United States for all costs incurred by the United States in connection with the discharge and substantial threat of discharge of oil from the Continental Oil Refinery.

## Alternative Claim For Relief
### (Recovery of Removal Costs Under Section 311 of the Clean Water Act)

27. The allegations set forth in paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. "Oil" was "discharged" from the Continental Oil Refinery into the North Platte River within the meaning of Section 311(a)(1) and (2) of the CWA, 33 U.S.C. § 1321(a)(1) and (2).

29. The oil discharged from the Continental Oil Refinery into the North Platte River caused a sheen on the water of the river. As such, the discharge of oil from the Continental Oil Refinery constitutes a violation of Section 311(b)(3) and (4) of the CWA, 33 U.S.C. § 1321(b)(3) and (4). *See* 40 C.F.R. § 110.3.

30. The Continental Oil Refinery was an "onshore facility" within the meaning of Section 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

31. The United States conducted a removal from Defendant's facility and from the North Platte River of oil that was discharged from the facility.

32. Defendant ConocoPhillips (as the corporate successor to the Continental Oil Company) was an "owner or operator" within the meaning of Section 311(a)(6) and (f)(2) of the CWA, 33 U.S.C. § 1321(a)(6) and (f)(2), of the facility from which oil was discharged, in violation of Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), into the North Platte River, and which was the subject of the removal activities conducted by the United States.

33. Alternatively, ConocoPhillips (as the corporate successor to the Continental Oil Company) caused the discharge from the facility within the meaning of Section 311(g) of the CWA, 33 U.S.C. § 1321(g), and is therefore liable for the resulting removal costs.

34. In accordance with Sections 311(f)(2) and/or (g) of the CWA, 33 U.S.C. § 1321(f)(2) and/or (g), Defendant ConocoPhillips is strictly liable for the full amount of costs incurred by the United States in conducting the removal of oil that was discharged from Defendant's onshore facility into navigable waters.

35. The United States has incurred costs of approximately $2.3 million, exclusive of interest, in conducting removal activities at Defendant's facility.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court enter judgment against Defendant ConocoPhillips as follows:

A. Ordering Defendant to pay pursuant to the Oil Pollution Act, Section 1002, all

removal costs incurred by the United States in response to the discharge or substantial threat of discharge of oil at or from the Site; or, alternatively,

B.  Ordering Defendant to pay pursuant to the Clean Water Act, Section 311(f), the actual costs incurred by the United States in removing oil at or from the Continental Oil Refinery; and

C.  Awarding the United States its costs and disbursements in this action; and

D.  Granting the United States such other relief as the Court deems just and proper.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

MARK C. ELMER, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)

MATTHEW H. MEAD
United States Attorney
District of Wyoming

*/s/ Carol A. Statkus*

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
(307) 772-2124 (PHONE)

OF COUNSEL:

Thomas Van Horn
United States Coast Guard
National Pollution Funds Center
4200 Wilson Boulevard, Suite 1000
Arlington, VA 22203

*Attorneys for the United States*