ORIGINAL

MATTHEW H. MEAD
United States Attorney
District of Wyoming

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
(307) 772-2124 (PHONE)
(303) 772-2123 (FAX)

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

MARK C. ELMER, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)

*Attorneys for the United States*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 0 1 2006

Stephan Harris, Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA,          :
:
        *Plaintiff,*               :
:
        v.                         :
:
CONOCOPHILLIPS COMPANY,            :
:
        *Defendant.*               :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 06-CV-195-J

## NOTICE OF LODGING OF PROPOSED CONSENT DECREE

The United States has filed a Complaint, pursuant to Section 1002 of the Oil Pollution
Act of 1990 ("OPA"), 33 U.S.C. § 2702, and Section 311of the Federal Water Pollution Control
Act, more commonly known as the Clean Water Act ("CWA"), 33 U.S.C. § 1321, for
reimbursement of removal costs incurred by the United States in connection with the discharge
or substantial threat of discharge of oil from a former oil refinery near Glenrock, Wyoming,
known as the Glenrock Oil Seep Site ("Site").

By way of this Notice, the United States notifies the Court that the United States has
lodged a proposed Consent Decree in this matter (the "Decree"). The Decree, which is attached
as Exhibit A, would resolve the United States' claims against Defendant ConocoPhillips
Company for past costs relating to the Site. The ultimate entry of the decree would end this
litigation.

The Court should not sign the Decree at this time. Instead, the Decree should remain
lodged with the Court while the United States provides an opportunity for public comment in
accordance with the policy of the Department of Justice, 28 C.F.R. Part 50.7.

The Department of Justice will publish in the Federal Register a notice that the Decree
has been lodged with the Court. The Notice will solicit public comment for a period of 30 days.
During the comment period, no action is required by the Court.

Respectfully submitted,


SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division


MARK C. ELMER, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1352 (PHONE)


MATTHEW H. MEAD
United States Attorney
District of Wyoming


CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
(307) 772-2124 (PHONE)

*Attorneys for the United States*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA,               :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :        Civil Action No.
                                        :
CONOCOPHILLIPS COMPANY                   :
                                        :
          Defendant.                    :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### CONSENT DECREE

### I. BACKGROUND

A.      The United States, on behalf of the United States Coast Guard, has filed a complaint against ConocoPhillips Company under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702, and Section 311 of the Federal Water Pollution Control Act, more commonly known as the Clean Water Act ("CWA"), 33 U.S.C. § 1321. The complaint seeks to recover all removal costs, plus interest, incurred by the United States in response to the discharge or substantial threat of discharge of oil at or from an approximate 30-acre area encompassing former oil refineries and product pipelines located in Glenrock, Wyoming, known as the Glenrock Oil Seep Site (the "Site").

B.      On March 8, 1994, oil was discovered seeping into the North Platte River approximately ½ mile west of the town of Glenrock, Wyoming.   The United States Environmental Protection Agency ("EPA") promptly responded to the seep by placing absorbent booms in the river and ultimately installing a "cut-off" wall and constructing a recovery and treatment system to prevent further seepage and to collect the oil floating on the groundwater.

On September 23, 1994, EPA issued to Conoco an Order for Removal Actions under Sections 311(c) and (e) of the Clean Water Act and Section 7003(a) of the Solid Waste Disposal Act for the Glenrock Oil Seep, Glenrock, Wyoming, CWA-OPA-VIII-94-05 (the "Order"). The Order required Conoco, subject to EPA oversight, to assume responsibility for the operation and maintenance of the recovery and treatment system, to perform further investigation of the Site, and to install, where necessary, additional recovery wells. Conoco complied with the Order and, on March 6, 2002, EPA's On-Scene Coordinator for the Site issued the Final Pollution Report for the Site (POLREP 17 and Final) concluding that EPA's involvement in and the removal actions at the Site were complete as of March 7, 2002.

C.     The defendant entering into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

D.     By entering into this Consent Decree, the mutual objective of the Parties is to resolve the claims of the United States against Settling Defendant, subject to the reservations of rights in Paragraph 11, by allowing Settling Defendant to make a cash payment as described herein.

E.     The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

2

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 33 U.S.C. §§ 2717(b) and 1321(f)(2) and (n) and also has personal jurisdiction over Settling Defendant. Settling Defendant consents to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.      This Consent Decree is binding upon the United States and upon Settling Defendant and its successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3.      Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in OPA or the CWA or in regulations promulgated under OPA or the CWA shall have the meaning assigned to them in OPA, the CWA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a.      "Coast Guard" shall mean the United States Coast Guard and any successor departments, agencies or instrumentalities of the United States.

b.      "Consent Decree" shall mean this Consent Decree.

c.      "Day" shall mean a calendar day. In computing any period of time under

3

this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

    d.     "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

    e.     "Interest" shall mean interest at the rate prescribed under OPA, 33 U.S.C. § 2705(b)(4), and shall be computed daily to the date of payment and compounded annually on June 1 of each year.

    f.     "Oil Spill Liability Trust Fund" shall mean the Oil Spill Liability Trust Fund established by the Internal Revenue Code, 26 U.S.C. § 9509.

    g.     "Paragraph" shall mean a portion of this Consent Decree identified by an arabic numeral or an upper or lower case letter.

    h.     "Parties" shall mean the United States and the Settling Defendant.

    i.     "Past Costs" shall mean all removal costs, including but not limited to direct and indirect costs, that the United States or its contractors have incurred in connection with the Site through entry of this Consent Decree, plus accrued Interest on all such costs through the date of entry.

    j.     "Plaintiff" shall mean the United States.

    k.     "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

    l.     "Settling Defendant" shall mean ConocoPhillips Company and its predecessors, successors, assigns, subsidiaries, and affiliates and their officers, directors, and employees.

4

m.     "Site" shall mean the Glenrock Oil Seep Site (FPN 024021) consisting of roughly 30 acres near the Town of Glenrock, Wyoming, including without limitation the fullest extent of any groundwater plume emanating from the Site, and which is generally depicted on the map attached as Appendix A.

n.     "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. REIMBURSEMENT OF PAST COSTS

4.     Payment of Past Costs.

a.     Within 30 days of entry of this Consent Decree, Settling Defendant shall pay to the United States $ 1,037,500.00 in reimbursement of Past Costs.

b.     Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing the Coast Guard's Federal Project Number ("FPN") 024021 and DOJ Case Number 90-5-1-1-08459. Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Wyoming following lodging of this Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day. Settling Defendant shall send notice to the Coast Guard and DOJ that payment has been made in accordance with Section X (Notices and Submissions).

## VI. FAILURE TO COMPLY WITH REQUIREMENTS OF CONSENT DECREE

5.     Interest on Late Payments. In the event that any payment required by Section V (Reimbursement of Past Costs) or Section VI, Paragraph 7 (Stipulated Penalty for Late

5

Payments), is not received when due, Interest shall accrue on the unpaid balance through the date of payment.

6.      If the United States brings an action to enforce this Consent Decree as to Paragraph 4 above, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time provided that the United States is successful in its enforcement action.

7.      Stipulated Penalty for Late Payments.

a.      If any amount due under this Consent Decree is not paid by the required date, Settling Defendant shall pay to the United States as a stipulated penalty, in addition to the Interest required by Paragraph 5, $1,000 per violation per day that such payment is late.

b.      Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by the United States. All payments to the United States under this Paragraph shall be made in the manner provided in Paragraph 4(b).

c.      Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. Unless excused by written agreement, all penalties shall begin to accrue on the day after complete performance is due or the day a violation occurs, and shall continue to accrue through the final day of correction of the noncompliance or completion of the activity.

8.      Payments made under Paragraphs 5-6 shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

6

9.     Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.

## VII. COVENANT NOT TO SUE BY PLAINTIFF

10.    Covenant Not to Sue by United States.   Except as specifically provided in Paragraph 11 (Reservation of Rights by United States), the United States covenants not to sue or take any other civil or administrative action against Settling Defendant pursuant to Section 1002 of OPA, 33 U.S.C. §§ 2702, Section 311 of the CWA, 33 U.S.C. § 1321, or common law theories of restitution, to recover Past Costs. This covenant not to sue shall take effect upon receipt by the United States of all payments required by Section V, Paragraph 4 (Payment of Past Costs) and, if applicable, Section VI, Paragraphs 5 (Interest on Late Payments) and 7 (Stipulated Penalty for Late Payments). This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

11.    Reservation of Rights by United States.   The covenant not to sue set forth in Paragraph 10 does not pertain to any matters other than those expressly specified therein. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all other matters, including but not limited to:

a.     liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

b.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.     criminal liability;

7

d.       liability for costs incurred or to be incurred by the United States that are not within the definition of Past Costs; and

e.       liability arising after the Effective Date for injunctive relief or administrative order enforcement under Sections 311(c) and (e) of the CWA, 33 U.S.C. § 1321(c) and (e), and Section 7003(a) of the Solid Waste Disposal Act, 42 U.S.C. § 6973(a).

12.      Nothing in this Consent Decree shall be construed to release Settling Defendant from its obligation to comply with any applicable Federal, State, or local law, regulation, or permit.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

13.      Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to:

a.       any claims for reimbursement from the Oil Spill Liability Trust Fund relating to the Site; and

b.       any claims arising out of response actions at the Site for which the Past Costs were incurred.

## IX. EFFECT OF SETTLEMENT

14.      Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

8

15. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## X. NOTICES AND SUBMISSIONS

16. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Party in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to DOJ, Coast Guard, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-5-1-1-08459)
P.O. Box 7611
Washington, D.C. 20044-7611

9

As to Coast Guard:

Thomas Van Horn, Legal Counsel
United States Coast Guard (FPN 024021)
National Pollution Funds Center
4200 Wilson Boulevard, Suite 1000
Arlington, VA 22203

As to Settling Defendant:

Derrick Vallance
Senior Counsel, Legal Environmental
ConocoPhillips Company
McLean 1110
600 North Dairy Ashford
Houston, TX 77079

With a copy to:

Andrew L. Strong
Pillsbury Winthrop Shaw Pittman LLP
2 Houston Center
909 Fannin Street, Suite 2000
Houston, TX 77010

## XI. RETENTION OF JURISDICTION

17.     This Court shall retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Consent Decree.

## XII. INTEGRATION

18.     This Consent Decree constitutes the final, complete and exclusive agreement and

understanding among the Parties with respect to the settlement embodied in this Consent Decree.

The Parties acknowledge that there are no representations, agreements or understandings relating

to the settlement other than those expressly contained in this Consent Decree.

## XIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

10

19.     This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

20.     If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIV. EFFECTIVE DATE

21.     The effective date of this Consent Decree shall be the date upon which it is entered by the Court.

## XV. SIGNATORIES/SERVICE

22.     The undersigned representatives of the Parties to this Consent Decree certify that they are authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally their respective Party to this document.

23.     Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

24.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set

11

forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons.

25.     This Consent Decree may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

SO ORDERED this _ _____ day of _____ _____ _____, 2006.

_____
United States District Judge
District of Wyoming

12

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v. ConocoPhillips Company</u>, relating to the Glenrock Oil Seep Site.

**FOR THE UNITED STATES OF AMERICA:**

**UNITED STATES DEPARTMENT OF JUSTICE**

_____
DATE

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

7/31/06
DATE

MARK C. ELMER, Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
1961 Stout Street – 8th Floor
Denver, Colorado 80294
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)

13

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF WYOMING


MATTHEW H. MEAD
United States Attorney
District of Wyoming

_8 - 1 - 06_
DATE

CAROL A. STATKUS
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, Wyoming 82003
(307) 772-2124 (PHONE)

14

**UNITED STATES COAST GUARD**

24 July 06

DATE

THOMAS BEISTLE
U.S. Coast Guard
Chief, Office of Claims and Litigation
2100 Second Street, SW
Washington, D.C. 20593

DATE

THOMAS VAN HORN
United States Coast Guard
National Pollution Funds Center
4200 Wilson Boulevard, Suite 1000
Arlington, VA 22203

15

**UNITED STATES COAST GUARD**

_____
DATE

_____
THOMAS EISTLE
U.S. Coast Guard
Chief, Office of Claims and Litigation
2100 Second Street, SW
Washington, D.C. 20593

July 26, 2006
DATE

THOMAS VAN HORN
United States Coast Guard
National Pollution Funds Center
4200 Wilson Boulevard, Suite 1000
Arlington, VA 22203

15

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. ConocoPhillips Company, relating to the Glenrock Oil Seep Site.

**FOR DEFENDANT CONOCOPHILLIPS CO.**

William A. Kitchen
Manager-Risk Management & Remediation
ConocoPhillips Company
TN 5022 Threadneedle Bldg.
900 Threadneedle (77079-2919)
P.O. Box 2197
Houston, Texas 77252-2197

DATE

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     Andrew L. Strong

Title:     Counsel for ConocoPhillips Company

Address:   Pillsbury Winthrop Shaw Pittman LLP
           2 Houston Center
           909 Fannin Street, 22nd Floor
           Houston, TX 77010
           (713) 425-7377 (Phone)
           (713) 425-7373 (Fax)

16

# APPENDIX A



Source: Parkerton Quadrangle, Wyoming. USGS, 1973

GLENROCK SITE

```
0          1/2          1 MILE
```

LOCATION MAP
WYOMING

Glenrock

LEGEND

Site location

Appendix A

TECHNICAL ASSISTANCE TEAM FOR EMERGENCY
RESPONSE, REMOVAL AND PREVENTION
EPA CONTRACT 68-WO-0037

TITLE:
GLENROCK SITE
Glenrock, Wyoming
SITE LOCATION MAP

T.D.D. TDB-9403-009E                    ZTGLEN14

ecology & environment, inc.          FIG. 1
DENVER, COLORADO

Date: 06/27/94  Drawn by: RSM  Scale: